951 F.2d 352
 57 Fair Empl.Prac.Cas. (BNA) 1224, 71 Ed. Law
Rep. 674
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Vivian FAULKNER-KING, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant-Appellee.
 No. 91-1578.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 18, 1991.
Decided Jan. 8, 1992.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 On August 20, 1986, the Board of Trustees of the University of Illinois issued a terminal, one-year contract to Vivian Faulkner-King, then on the faculty of the University's School of Art and Design. The contract expired on August 20, 1987, despite Faulkner-King's request for reconsideration of the decision. On January 28, 1988, Faulkner-King filed with the EEOC a charge that the University discriminated against her on account of sex. The district court granted summary judgment to the University in this suit under Title VII, holding that Faulkner-King's charge fell outside the 300 days allowed by 42 U.S.C. § 2000e-5(e). (Illinois is a deferral state, so 300 days is the appropriate period.)
 
 
 2
 The district court relied on Delaware State College v. Ricks, 449 U.S. 250 (1980), for the proposition that the time starts when the terminal contract is awarded rather than when employment under the contract ceases. Ricks expressly holds that the claim accrues for purposes of Title VII when a university's governing board formally denies tenure and issues a terminal contract. Faulkner-King argues that her case is different because after the Trustees issued the contract a faculty committee asked the Vice-Chancellor to reexamine the subject, and he declined. The date of the effective conclusion of the process is consequently obscure, she submits. Yet Ricks itself considered and rejected the possibility that a claim does not accrue until internal administrative processes have been exhausted. 449 U.S. at 260-61. The Court remarked: "entertaining a grievance complaining of the tenure decision does not suggest that the earlier decision was in any respect tentative." Id. at 261. Just so here. There was nothing tentative about the one-year terminal contract. The decision could have been reconsidered, but it was a decision nonetheless.
 
 
 3
 Faulkner-King's contention that she is contesting the validity of the termination in 1987 and not the decision in 1986 does not help her. Whatever ambiguity there may be in Ricks. there is none in Chardon v. Fernandez, 454 U.S. 6 (1981), which curtly rejected such an attempt to recharacterize the object of the challenge. See also Lorance v. AT & T Technologies, Inc., 490 U.S. 900 (1989).
 
 
 4
 Although Faulkner-King contends that the time to bring suit should be tolled during the process of reconsideration, this is just another angle on the "continuing violation" approach that both Ricks and Chardon explicitly reject. We discussed tolling and equitable estoppel in Davidson v. Western Illinois University, 920 F.2d 441 (7th Cir.1990), and Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7th Cir.1990). What the University's ombudsman told Faulkner-King in November 1985 (to exhaust internal remedies before turning outside) does not imply that the Trustees' decision in August 1986 was not final, or that the University hid the effect of its decision. There is no foundation for tolling or estoppel as Davidson and Cada describe those doctrines.
 
 AFFIRMED